[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11001
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 4, 2011
JOHN LEY
CLERK

D.C. Docket No. 4:10-cv-00215-HLM

MARGARET JACKSON,
TERRY AUSTIN,
as executors of the Silas Austin Sr. Estate
and in their capacity as sole owners of the 50%
undivided interest formerly owned by the interstate
decedent Katie Austin and as sole heir/heirs at
law to Katie Austin,

                                        Plaintiffs-Appellants,

                    versus

SHERI BLEVINS,
individually and in her capacity as
Whitfield County Probate Judge.,
LINDA WHITE,
SAMANTHA SPLAWN,
individually and in their capacity as
Whitfield County Probate Court Clerks
10CI1504-m,
JON BOLLING WOODS,
Superior Court, Lookout Mountain Judicial District,
Lafayette, Georgia,
SUSAN BISSON, et al.,
JOHN MCCOWN, et al.,

CURTIS KLEEM, et al.,
STEPHEN KELEHEAR, et al.,
09CI-313-J,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 4, 2011)

Before BARKETT, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Margaret Jackson and Terry Austin, proceeding *pro se*,[1] appeal the district court's dismissal of their action to appeal a state court dismissal for failure to state a claim. Appellants' brief on appeal makes only a passing reference to the reasons for the district court's dismissal, namely the lack of subject matter jurisdiction, preclusion by *res judicata*, and the *Rooker-Feldman* doctrine. After review, we

_____

[1] "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998).

affirm the district court's dismissal of the action for lack of subject matter jurisdiction.[2]

Under the *Rooker-Feldman* doctrine, federal district courts and courts of appeal lack subject matter jurisdiction "over certain matters related to previous state court litigation." *See Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001). The doctrine applies in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced[,] and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,125 S. Ct. 1517, 1521–22 (2005).

Appellants instituted this action in the federal district court as a "Notice of Appeal" of the state court's order and sought to have the district court review and reverse the state court's order dismissing the case. There was no basis for either federal question jurisdiction or diversity jurisdiction. Moreover, the *Rooker-Feldman* doctrine prevented the district court from exercising subject matter jurisdiction over Appellants' claims because they were the "state-court losers complaining of injuries caused by state-court judgments rendered before the

---

[2] We review *de novo* a district court's determination that *Rooker-Feldman* deprives it of subject matter jurisdiction. *Doe v. Florida Bar*, 630 F.3d 1336, 1340 (11th Cir. 2011).

district court proceedings commenced[,] and inviting district court review and rejection of those judgments." *Saudi Basic Indus.*,125 S. Ct. at 1521–22. The district court did not err in dismissing Appellants' case for lack of jurisdiction.

**AFFIRMED.**